UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                :
MERRICK BANK CORP.,                  :
                                                :       **ORDER DENYING**
                                 Plaintiff,      :       **DEFENDANTS'**
        -against-                                         :       **MOTION FOR**
                                                :       **SUMMARY**
ROYAL GROUP SERVICES, LTD. et al.,    :       **JUDGMENT**
                                                :
                                 Defendants.    :       15 Civ. 5120 (AKH)

-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendants Royal Group Services ("RGS") and Gregory Richmond ("Richmond") have moved for summary judgment against Plaintiff Merrick Bank Corporation ("Merrick") on their remaining claims. ECF No. 128. For the reasons discussed below, Defendants' motion is denied.

        Merrick is an acquiring bank within the Visa, MasterCard and Discover payment networks. It had the obligation to pay merchants who accepted debit or credit cards from customers. After a vacation package provider, Southern Sky Air and Tours, doing business as "Myrtle Beach Direct Air," ceased to do business and filed for bankruptcy, tens of thousands of customers were left without the vacations they were promised. They filed refunds for goods and services prepaid on their cards, and in response, Merrick paid out $26.2 million in chargebacks, and has sought to recover this amount.

        The dispute at hand arises between Merrick, its long-time brokerage firm, Royal Group Services ("RGS"), and its broker, Gregory Richmond ("Richmond"). Merrick claims that it engaged RGS and Richmond in 2011 to obtain a policy from Chartis Specialty Insurance Company ("Chartis") under which they were not obligated to cover the loss until there was a

recovery from the indemnitor.  Instead, the Defendants procured a policy which required Merrick to seek indemnification from Independent Sales Organizations, ("ISOs") prior to being reimbursed by Chartis.  Merrick alleges that it is the Defendants' fault that the ISO provision was included in the policy.

Defendant Richmond previously filed a motion for summary judgment, which I granted in part and denied in part on October 3, 2019.  ECF No. 101.  I held that there were issues of fact regarding: "(i) whether Plaintiff asked Defendants to secure an insurance policy from Chartis that did not require Plaintiff first to seek indemnification from independent sales organizations, and (ii) the nature and extent of Plaintiff's and Defendant's respective involvement in negotiating drafting and reviewing the Chartis insurance policy with respect to the JetPay coverage issue."  *Id.*  I also recharacterized the breach of fiduciary duty claim as a breach of contract claim, explaining at oral argument that, "[i]f he was engaged in a contract to procure a certain amount or a certain type of insurance, the definition is bound by contract."  Oral Arg. Tr. 35: 19-21.  Merrick has two remaining claims- negligence and breach of contract.  Defendants move again for summary judgment on similar grounds to their previous motion.

Defendants claim that they are not responsible for the inclusion of the ISO provision, and that they did not breach any duties to plaintiff.  Defendants argue that they were nothing more than a go-between, that they made no representations to Plaintiff regarding the provisions of the policy, and that Plaintiff assumed completely and total responsibility for drafting and negotiating the policy and its provisions and accepted the policy as written.  They then argue that the claims are speculative, because Merrick has not shown that Charter would have given them a contract without the ISO provision.  Finally, Defendants argue that Plaintiffs cannot show that a contract

existed between them, and that the policy's integration clause prevents any evidence of an oral contract.

As an initial matter, Defendants' argument that the integration clause bars evidence of a contract between Plaintiff and Defendant has no merit. Plaintiff does not seek to challenge the terms of the insurance policy; rather; they are suing for breach of a completely different agreement between the two parties. The integration clause is therefore wholly irrelevant to the dispute at hand. Merrick has provided evidence that RGS was paid by Merrick for its brokerage. Richmond 2020 Dep. Tr. 91:4-25, ECF No. 135-3. Further, Richmond's own testimony indicates that he knew he and RGS had a duty to provide accurate information to Merrick regarding the policy. Richmond 2020 Dep. Tr. 93:1-6. I therefore find that a triable issue of fact exists as to whether there was a contract between Merrick and the Defendants.

Defendants' claim that Merrick's "unequivocal acceptance" of the policy precludes their claims as a matter of law, and that the claims are speculative also fail. "[I]nsurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." *Am. Bldg. Supply Corp. v. Petrocelli Grp., Inc*., 19 N.Y.3d 730, 735, 979 N.E.2d 1181 (2012) (quoting *Murphy v Kuhn*, 90 NY2d 266, 270 (1997)). To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy *Am. Bldg. Supply Corp. v. Petrocelli Grp., Inc*., 19 N.Y.3d 730, 735, 979 N.E.2d 1181 (2012) (citing *Hoffend & Sons, Inc. v Rose & Kiernan, Inc.,* 7 NY3d 152, 155 (2006)). "A general request for coverage will not satisfy the requirement of a specific request for a certain type of coverage" *Hoffen & Sons Inc*., 7 N.Y.3d at 158. Regardless of whether Chartis would have provided a policy without the disputed provision, Defendants had a duty to

communicate that their requested coverage had not been procured.  *See Omni Build Inc.v. Dimver & Assocs., Inc*., 2020 Ny Slip Op 31631 (U) at *16 (N.Y. Sup. Ct. Kings Ct. May 28, 2020) ("[T]here is an issue of fact regarding whether [Defendant] breached its duty to [Plaintiff] regardless of whether or not the coverage could have been procured.").

Merrick has provided evidence that through RGS' and Richmond's history working with Merrick, that they knew and understood that Merrick was seeking a policy which did not require them to seek indemnification from the ISOs.  *See* Pl. 56.1 Counterstatement ¶¶ 61-63, ECF No. 134 ("Please make sure that it is clearly understood that… reimbursement by the ISO to the Bank does not impact the Bank's right to recover under the policy."); *see also* Richmond 2015 Dep. Tr. 101: 20-25, ECF No. 135-11. ("Q: You were aware that Merrick was looking for a provision which would provide that if the ISO didn't engage in fraud or wrongdoing it would be the insurance that would cover the loss, and they wouldn't have to look to the ISO first? A: Correct.").  The exhibits indicate that Merrick had conversations with Richmond telling him that they "did not want to have a repeat of the USN episode," and that Richmond assured them they would not.  Fox 2020 Dep. Tr. 340:24-341:13, ECF No. 135-10.

Defendants also claim that Merrick's approval relieves them of any liability for the inclusion of the ISO provision.  It is undisputed that Defendants provided Merrick with a proposed draft of the Chartis Uncollectible Chargeback Insurance Policy and that Merrick's attorney, Brian Jones ("Jones") reviewed it, commented on it, and ultimately approved it in its final form.  This does not, as a matter of law, bar Merrick's claims.  *See Baseball Office of Com'r v. Marsh & McLennan, Inc*., 295 A.D.2d 73, 82, 742 N.Y.S.2d 40 (2002) ("While an insured's failure to read or understand the policy or to comply with its requirements may give rise to a defense of comparative negligence in a malpractice suit against the broker, the insured's conduct does not. .

. . bar such an action."). Merrick provided documents containing commentary from Richmond to Chartis on the provisions of the policy. *See* Pl. 56.1 Counterstatement ¶ 43; 45-47; Regan Decl., Ex. 2, ECF No. 135-2. Merrick also provided evidence that Richmond represented to Merrick that the policy would not require them to seek indemnification from the ISOs and noted that in their previous summary judgment motion, Defendants admitted that Richmond "advised Merrick that the policy provided coverage prior to Merrick having to go against the ISO under its indemnification provision." *See* Pl. 56.1 Counterstatement ¶ 69. Based on the evidence provided, I find that there are triable issues of fact as to whether Defendants breached their duty as an insurance broker to Merrick. However, contrary to Merrick's assertion, Defendants' motion is not frivolous. I therefore decline to award Merrick costs and fees in defending against this second motion for summary judgment.

Accordingly, Defendants' motion for summary judgment is denied. The oral argument, scheduled for February 11, 2021 is hereby canceled. The Clerk is instructed to terminate the open motion, ECF No. 128.

SO ORDERED.

Dated: February 8, 2021  _____/s/_____
New York, New York  ALVIN K. HELLERSTEIN
United States District Judge